UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In Re: | ) | Case No: BK10-82794 |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT #507 OF DOUGLAS | ) | PLAN OF ADJUSTMENT |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Debtor. | ) | |

This Plan of Adjustment (this "Plan") is proposed and made by Sanitary and Improvement District #507 of Douglas County, Nebraska (the "District.") The provisions of this Plan have been promulgated to meet the confirmation standards under Chapter 9 of the United States Bankruptcy Code (the "Code.") This Plan should be carefully reviewed in conjunction with the Disclosure Statement which has been filed concurrently herewith, as may be amended by filing with the United States Bankruptcy Court for the District of Nebraska (the "Court.")

## I. DEFINITIONS

All capitalized terms shall have the meaning given to them herein, unless context clearly requires otherwise. Capitalized terms defined in the Code and not otherwise defined herein shall have the meaning ascribed to them in the Code.

**Administrative and Priority Claims** shall mean and include the allowed (i) actual and reasonable costs and expenses incurred for services in connection with this case, including the fees of the District's attorneys, accountants and other professionals; (ii) all of the District's cost in preserving the assets of District's bankruptcy estate; (iii) the fees of the Paying Agent incurred for any services provided prior to the Effective

Date; and (iv) any and all other claims granted priority status under Section 507(a) of the Code.

**Board** shall mean the Board of Trustees of the District, as duly elected or appointed under Nebraska law.

**Bonds or Post-Petition Bonds** shall mean all bonds issued by the District, prior to the Termination Date.

**Certificate** shall be the Certificate of Indebtedness issued to Pre-Petition Construction Fund Warrant Holders in exchange for such Pre-Petition Construction Fund Warrants, evidencing the interest held by the Paying Agent for such Holder.

**Claims** shall mean (i) a claim which has been listed by the District on its schedules and (ii) any other claim as the term is defined in Section 101(5) of the Code.

**Confirmation Order** shall mean the order signed and entered by the Court confirming this Plan.

**Construction Fund** shall mean bond fund/bond sinking fund/construction fund of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, the monies of which are held for the purpose of making payment on the Pre-Petition Construction Fund Warrants, and for the payment of the principal and interest on any Bonds of the District.

**Creditor** shall mean the owner or Holder of any claim.

**De-annex** shall mean to seek and obtain an order of the District Court for the District of Nebraska to allow the District to withdraw land from the boundaries of the District.

**Disclosure Statement** shall mean the document filed in this case by the District pursuant to Section 1125 of the Code, as may be amended, modified or supplemented by the District and approved by this Court.

**Effective Date** shall mean the date which shall be ninety (90) days following the Confirmation Order.

**Filing Date** shall mean the date upon which the Petition seeking voluntary relief pursuant to provisions of Chapter 9 of the Code was filed by the District.

**Final Order** shall mean an order of judgment of a court which (i) shall not be reversed, stayed, modified or amended and the time for which to appeal or seek review or rehearing shall have expired, or (ii) if appealed, the operative effects of such appealed order or judgment shall not have been stayed or superseded so that the appealed order or judgment is legally enforceable.

**General Fund** shall mean the funds of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, and accumulated and held for the purpose of making payment upon General Fund Warrants.

**General Fund Warrants** shall mean those warrants payable from the General Fund of the District sold to Holders of the same as investments or in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant.

**Holder** shall mean the person legally entitled to receive payment of principal or interest on a particular security or Certificate.

**Paying Agent** shall mean First National Bank of Omaha.

**Pre-petition Construction Fund Warrants** shall mean those warrants payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay expenditures and interest and sold to Holders of the same as investments and not in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant issued prior to the Filing Date.

**Pro Rata Share** shall mean the interest or fractional interest of any Certificate of Indebtedness Holder, the numerator of which shall be the amount owed on such Certificate of Indebtedness and the denominator of which shall be the sum of all amounts owed on all Certificates of Indebtedness.

**Termination Date** shall mean the date upon which the District has made payment in full upon all Pre-petition Warrants or the date fifteen (15) years from the Effective Date, whichever occurs first.

## II. CLASSES AND TREATMENT OF CREDITORS

1. <u>Administrative and Priority Claim Holders.</u> The Holders of Administrative and Priority Claims shall be paid in full. The Administrative and Priority Claims currently consist of expenses for services rendered by and for reimbursement of out-of-pocket expenses of the District's legal counsel, Gross & Welch, P.C., L.L.O. of Omaha, Nebraska. Gross & Welch, P.C., L.L.O. shall be paid based upon hourly rates for partners, associates, paralegals, legal assistants and administrators, at standard rates for such particular services.

2. <u>General Fund Warrant Holders.</u> The owners of the General Fund Warrants shall be paid principal and accrued interest in full. Payment of General Fund Warrants is necessary for the continuation of basic necessities of the District, including basic

utilities and reasonable property maintenance expenditures. Within ninety (90) days of the Effective Date, the owners of General Fund Warrants shall be paid in full for all accrued and unpaid interest or principal due and owing under the terms of the General Fund Warrants. Thereafter, General Fund Warrants shall be paid in accordance with the stated terms thereof. The owners of General Fund Warrants shall be paid in full and are not impaired, as the term is used in the Code.

3.  Pre-Petition Construction Fund Warrant Holders. The claims of the Holders of Pre-petition Construction Fund Warrants are impaired, as the term is used in the Code. In full and complete satisfaction of the Claims of the Pre-petition Construction Fund Warrant Holders, the Pre-petition Construction Fund Warrants shall be paid in accordance with this Plan.

### III. REPAYMENT OF PRE-PETITION CONSTRUCTION FUND WARRANTS

A. Payment and Exchange. Pre-petition Construction Fund Warrants shall be paid as follows:

1. Initial Cash Disbursement. Within ninety (90) days following the Effective Date, all funds held in the Construction Fund shall be allocated as set forth in Article V. All funds not otherwise allocated shall be delivered to the Paying Agent for payment to the Certificate holders based upon the Pro Rata Share of each.

2. Certificate Issuance. Within ninety (90) days of the Effective Date, all Pre-petition Construction Fund Warrant Holders shall be issued Certificates of Indebtedness ("Certificates") representing the Holder's Pro Rata Share of the funds held in trust by the Paying Agent, conditional upon the delivery of

5

such Pre-petition Construction Fund Warrant, as set forth in Article IV, below.

All Pre-petition Construction Fund Warrants shall be granted equal priority. No preference shall be given to the Pre-Petition Construction Fund Warrants based upon date of issuance or registration. For the purpose of determining interest accrual of the Pre-petition Construction Fund Warrants, interest on Pre-petition Construction Fund Warrants shall be deemed to continue to run from the Petition Date through the last day of the month in which the Effective Date occurs following confirmation of the Plan when the Construction Fund Warrants are canceled and exchanged for certificates as provided for in the Plan. No further interest will continue to accrue on the Pre-petition Construction Fund Warrants after that date.

B. Modification of Terms. The balance due on the Pre-Petition Construction Fund Warrants and the manner of computed interest on such warrants shall not change by operation of this Plan. The Plan shall only modify the manner and timeline for repayment of the Pre-petition Construction Fund Warrants by the exchange for Certificates of Indebtedness in the following ways:

1. No priority shall be granted among the Pre-petition Construction Fund Warrants based upon the date of issuance or warrant number thereof, including preference for the order or manner in which Warrants are redeemed.

2. The time for payment of interest and principal on the Certificates of Indebtedness which result from the Pre-petition Construction Fund Warrants shall be as follows:

   a. Payments of principal and interest will not be made as required by the original terms of the Pre-petition Construction Fund Warrants.

   b. Pre-petition Construction Fund Warrants shall cease to independently accrue interest upon the issuance of Certificates.

   c. Pre-petition Construction Fund Warrants not exchanged for Certificates shall be terminated and shall provide no right to payment.

   d. Pre-petition Construction Fund Warrants shall be deemed to not be in default, so long as the District is not in default of its obligations under this Plan.

   e. Pre-petition Construction Fund Warrants shall be paid from the proceeds of general ad valorem taxes, collection of special assessments owed, reimbursed, collected and/or the issuance of Post-petition Bonds.

3. **Regardless of whether or not there is an outstanding balance due on any or all Pre-petition Construction Fund Warrants or Certificates of Indebtedness as of the Termination Date, all obligations of the District regarding the Pre-petition Construction Fund Warrants or Certificates of Indebtedness shall terminate as of the termination date, at which time, the District shall have no further obligation to the Holder of any Pre-petition Construction Fund Warrant or Certificate of Indebtedness.**

## IV. CERTIFICATE ISSUANCE

This Plan requires, and the Bankruptcy Court will be requested as part of the Confirming Order to require the Holders of Pre-petition Construction Fund Warrants to deliver to the Paying Agent any Pre-petition Construction Fund Warrants held by any creditors. No payment shall be made to the Holder of any Pre-petition Construction Fund Warrant unless said Holder has delivered to the Paying Agent the physical Pre-petition Construction Fund Warrant issued by the District or, in the event that the Pre-petition Construction Fund Warrant is lost or destroyed, an Affidavit of Lost or Destroyed Security and Indemnification thereon.

In exchange for Pre-petition Construction Fund Warrant, the Paying Agent shall deliver to the creditor having provided the Pre-petition Construction Fund Warrant to the Paying Agent, or to such creditor's assignee, a Certificate in the face amount of the Construction Fund Warrant delivered by the Creditor, plus any accrued and unpaid interest thereon, and stating the Pro Rata Share associated with such Certificate. Each Certificate shall include the Termination Date.

All Certificates shall be issued within ninety (90) days of the Effective Date. No preference shall be given to any Certificate based upon date of issuance. For the purpose of determining interest accrual on the Certificates, interest shall be deemed to accrue from the date that is the first day of the month following the month that the Effective Date occurs upon which the first Certificate is issued. Interest accrual on all Construction Fund Warrants will cease on the day that the first Certificate is issued.

The Certificates issued pursuant to this Plan shall bear clear and unequivocal language identifying that the Certificates are (i) subject to the payment terms set forth

in the Plan, (ii) are not guaranteed to pay full interest or return principal face value, and (iii) are not subject to guarantee under Neb. Rev. Stat. §31-755. The Certificates shall accrue simple interest at a rate of four and one-half percent (4.5%) annually, subject to the terms of this Plan. All payments on the Certificates shall be first applied to principal and no payments of interest shall be made on the Certificates until all principal has been paid in full.

In order to ensure that a Pre-petition Construction Fund Warrant Holder cannot continue to hold Pre-petition Construction Fund Warrants with a view towards redemption, any and all outstanding warrants not delivered to the Paying Agent prior to the Effective Date shall be deemed cancelled and of no further force and effect.

## V. ALLOCATION OF DISTRICT FUNDS

The District shall, within ninety (90) days following the date of the Confirmation Order, deliver all the cash and investments with accrued interest thereon on deposit in the Construction Fund to the General Fund of the District, with payments to be made from those funds as follows:

a) Administrative and Priority Claims shall be paid in full from the proceeds transferred from the Construction Fund to the General Fund.

b) The holders of General Fund Warrants shall be paid in full for all accrued and unpaid interest or principal due and owing under the terms of the General Fund Warrants.

c) The remaining funds, if any, shall be delivered to the Paying Agent for payment to the Certificate Holders within 90 days after the issuance of Certificates in accordance with their respective Pro Rata Share.

### VI. POST-PETITION BOND ISSUANCE

1. The District shall have an obligation throughout the term of this Plan to periodically consider whether or not the issuance of Post-petition Bonds would be advantageous to the District and to Certificate Holders. Consideration shall include, but need not be limited to, interest rates, prevailing tax rates, total valuation of property subject to the District's taxing authority and general market conditions.

2. In the event that the District determines that it would be in the best interest of the District, the District can issue Post-Petition Bonds when the District has sufficient taxable valuation to support the debt service payments with existing tax revenues and/or reasonable valuation based on current development. In that case, Post-petition Bonds can be issued by the District.

3. The Post-petition Bonds shall be payable from the Construction Fund, and expenses associated therewith, including sinking fund expenditures, shall be allowed expenses of the District.

4. The District shall specifically be obligated to issue Post-petition Bonds in the last six (6) month period prior to the Termination Date, unless all claims of Pre-Petition Construction Fund Warrant Holder, now Certificate Holders, can be paid without such bond issuance. Such Post-Petition Bonds so issued shall be issued for a term of not less than fifteen (15) years. Thus the total term of the Plan (fifteen (15) years) plus the payment term of the Post-Petition Bonds shall be no more than thirty (30) years.

5. The Post-petition Bonds shall be specifically guaranteed as Construction Fund Bonds, superior in priority to the claims of General Fund Warrant Holders and

10

the Pre-petition Construction Fund Warrant Holders. Bonds shall be granted the priority set forth under Neb. Rev. Stat. §31-755.

### VII. OPERATION OF THE DISTRICT

From the date upon which the Confirmation Order is entered and until the Termination Date, the operation of the District shall be governed by the terms of this Plan. This Plan may not be amended except by Court order.

A.   **District Funds and Income**.

1.   District Funds. All monetary assets of the District are held in either the General Fund or the Construction Fund. As of May 31, 2010, the total assets held in the General Fund are approximately One Thousand Four Hundred Seventy Dollars and Thirteen Cents ($1,470.13) and the total assets held in the Construction Fund are approximately Five Hundred Thirty-Three Thousand, Two Hundred Seventy-Nine Dollars and Eighty-Five Cents ($533,279.85).

The General Fund exists for the purpose of holding funds used in the operation of the District and for payment of General Fund Warrants. Following confirmation of the Plan, the General Fund would hold amounts used for the operating budget of the District and payment of General Fund Warrants.

The Construction Fund will receive an allocated portion of the District's tax revenue. Amounts held in the Construction Fund following confirmation of this Plan will consist of amounts established by Article V, above. Remaining amounts in the Construction Fund will be either retained or distributed, as set forth in this Plan, to the Pre-petition Construction Fund Warrant Holders.

2. <u>District Tax Rate</u>. The current tax rate for real estate located within the jurisdiction of the District is ninety cents ($0.90) per One Hundred and no/100 Dollars ($100.00) of assessed valuation (the "Tax Levy.") Prior to the Termination Date, the Tax Levy shall not be decreased without an order of the Court. The income from the Tax Levy shall be distributed between the General Fund and the Construction Fund.

3. <u>Tax Levy Redistribution.</u> The distribution of the Tax Levy between the General Fund and the Construction Fund shall not be altered or amended prior to the termination date except to increase the amount assigned to the Construction Fund. After the Termination Date, the Tax Levy may be adjusted and altered provided always that the Tax Levy assigned to the Construction Fund shall be sufficient to meet all necessary payments on any Bonds issued by the District.

B. **District Operating Budget**. The budget of the District in the year following the Confirmation Order shall be **Sixty-Five Thousand Dollars ($65,000).** For each year thereafter, the budget may increase two and one-half percent (2.5%) annually. The District shall be required to pay its ordinary operating expenses and maintenance expenses within the terms of that budget, and may not exceed the budget without an order of the Court.

C. **Payment of Unimpaired Debts.** The District shall, within ninety (90) days following the entry of the Confirmation Order, pay any and all outstanding General Fund Warrants issued by the District before, during and after the pendency of the bankruptcy. All subsequent General Fund Warrants shall be paid in the ordinary

12

course of business from the District's operating budget, and the District shall not allow such securities to go into default under their terms except as permitted by this Plan.

D. **Payment to Paying Agent for the Benefit of Certificate Holders.** Following the payment of other amounts contemplated by this Plan, the funds held in the Construction Fund shall be paid to or for the benefit of the Construction Fund Certificate Holders. Income of the District from the Tax Levy, sewer connection fees, and all other income, less amounts to be paid under this Plan, shall annually be computed as the amount available for distribution to the Certificate Holders.

On or before the last day of December of each year, the District and Paying Agent shall meet to calculate the funds, if any, to be delivered to the Paying Agent for such year. In addition, the District's Board of Trustees and Financial Advisor may determine to distribute funds at other times that benefit the District and creditors. In any year during which there are no funds available for distribution to the Certificate Holders, or the amount available for distribution, including amounts accrued from previous years, does not total at least One Hundred Thousand and no/100 Dollars ($100,000.00), the District shall not be required to make a distribution to Paying Agent for the benefit of the Certificate Holders. In any year that there is greater than One Hundred Thousand and no/100 Dollars ($100,000.00) available for distribution to the Pre-petition Construction Fund Warrant Holders, now Certificate Holders, the District shall distribute to the Paying Agent all amounts available. The Paying Agent shall, within thirty (30) days of receipt of such funds, pay to the Certificate Holders their respective Pro Rata Share of such amounts. It is intended, to the greatest degree possible under the terms of this Plan, that the Certificates shall be issued, paid and

13

redeemed in a manner consistent with and allowing for tax exempt status under applicable Internal Revenue Service regulations.

The Paying Agent shall be paid an initial sum of Two Thousand Dollars ($2,000.00) and in all following years the Paying Agent shall be paid the sum of One Thousand Dollars ($1,000.00) in any year in which Certificates are issued or in which distributions are made to Certificate Holders. No payment shall be paid to the Paying Agent for providing services related to the Certificates in any year in which no Certificates are issued and no distributions are made to Certificate Holders. Nothing in this paragraph shall be deemed to prohibit the District from compensating the Paying Agent, or any other party, for services provided in the servicing of securities issued by the District other than Certificates.

Distributions shall be made to the Certificate Holders pursuant to this Plan until all amounts of principal and interest due under the Certificates are paid in full, or until the Termination Date, whichever occurs first. In the fiscal year during which the Termination Date occurs, any funds which would be available for distribution to the Certificate Holders shall be so distributed, without regard to the One Hundred Thousand and no/100 Dollars ($100,000.00) minimum distribution amount set forth above.

In no event shall distributions be made in excess of amounts necessary to pay principal and interest outstanding on the Certificates.

Regardless of whether the Pre-petition Construction Fund Warrants (Certificates) have been paid all principal and accrued interest, such Certificates shall not be honored following the Termination Date, and shall not continue to be an

obligation of the District past such date. No Creditor of the District or Pre-petition Construction Fund Warrant Holder shall have the right to receive payment on their Warrants except as set forth in this Plan.

### VIII. IMPLEMENTATION OF THE PLAN

The implementation and consummation of this Plan shall occur as follows:

A. **Voting Procedures and Effective Date.** Copies of this Plan and the accompanying Disclosure Statement shall be sent by the District to all Pre-petition Construction Fund Warrant Holders, along with a ballot included for the purpose of voting in favor of or against the Plan. Only by completing, signing and returning the ballot may a creditor vote for or against this Plan.

In order for this Plan to become effective, the following conditions must be met:

(a) The Plan must have been accepted by the Holders of at least two-third (66.7%) in dollar amount and more than one-half (50%) in number of the Pre-petition Construction Fund Warrant Holders.

(b) The Court shall have confirmed the Plan as required by the terms of this Plan and by Section 1129 and Section 943 of the Bankruptcy Code.

B. **Other Documents.** All parties, by agreeing to the terms of this Plan, agree to execute and deliver, as appropriate, all documents reasonably required to implement and effectuate the terms of this Plan.

C. **De-annexation of Phase II.** The Board of Trustees of Sanitary and Improvement District #507 shall seek a court order under Neb. Rev. Stat. §31-769 from the District Court of Douglas County, Nebraska authorizing the de-annexation (the statutes refer to detachment of land from a District) of Phase II after the Plan has

been confirmed. Phase II is the land previously annexed in 2007, which was initially set aside for the construction of apartments and senior citizen housing.

## IX. RETENTION OF JURISDICTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT TO CLAIMS

The Court shall retain exclusive jurisdiction of all matters arising under, or related to, this case, until this case is closed, specifically limited, however to the following:

A. To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classifications, objections to or allowances of any Claim.

B. To enforce post confirmation performance of the Plan against any person with regard to the District's Chapter 9 estate, but not otherwise.

C. To herein determine all Claims arising from the rejection of executory contracts and leases, if any, which are included in the District's Chapter 9 estate and to consummate rejection and termination thereof in connection with the Debtor's Chapter 9 estate, but not otherwise.

D. To liquidate damages or estimate Claims in connection with any disputed, contingent, or unliquidated claims.

E. To adjudicate the validity of or the authority of the District to make or undertake any purchase, sale or contract made or undertaken by the District during the pendency of the District's Chapter 9 case.

F. To recover all assets and property belonging to the District's Chapter 9 estate wherever located.

G. To hear and determine all actions and proceedings which relate to pre-confirmation matters brought by the Debtor arising in or relating to this case or arising under the Bankruptcy Code, whether such action or proceeding is brought before or after the Filing Date.

H. To hear and determine all controversies, suits, and disputes that may arise as to pre-confirmation matters and the interpretation of or enforcement of the Plan or the provisions of the Disclosure Statement.

I. To hear and determine all requests for compensation and/or reimbursement of expenses by professionals retained by the District which may be made after the Confirmation Date.

J. To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary or desirable for the successful implementation of the Plan as provided in Section 945 of the Code.

## X. MODIFICATIONS TO PLAN

This Plan may be modified, amended or corrected under Section 942 of the Code upon application of the District at any time prior to the entry of the Confirmation Order without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided, however, that the Court find that such modification or correction does not materially and adversely affect any Creditor or the Claim of any creditor. The Plan may be modified after confirmation upon order of the Court after such notice and opportunity for hearing as may be appropriate.

## XI. BINDING EFFECT AND DISCHARGE

Confirmation of this Plan shall bind all persons and entities as provided by Section 305 of the Code and the obligations of the Debtor shall be only those as described and included in this Plan. All other obligations of the District, including but not limited to those of Pre-petition Construction Fund Warrant Holders, shall be discharged.

Confirmation of the Plan will not discharge any Claims which any creditor or interest Holder of the District may have against any third party.

The Court, in the Confirmation Order, and at its discretion, will, by its specific language, forever prohibit persons from taking any action in any way which may be inconsistent with this Plan or in violation of the terms or legal effect of the Confirmation Order.

Dated this 30th day of August 2010.

SANITARY AND IMPROVEMENT
DISTRICT #507 OF DOUGLAS
COUNTY, NEBRASKA, Debtor

_____
William L. Biggs, #10317
GROSS & WELCH, P.C., L.L.O.
2120 South 72nd Street, #1500
Omaha, NE  68124
(402) 392-1500
(402) 392-1538 (fax)
bbiggs@grosswelch.com

7832-4/633288v7